**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| G.M., on behalf of A.R., a minor child,<br>       Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br>       Defendant. | Civil Action No. 21-1933 (SRC)<br><br>**OPINION** |

**CHESLER, District Judge**

  This matter comes before the Court on the appeal by Plaintiff G.M., on behalf of A.R., a minor child, of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

  In brief, this appeal arises from a medical improvement review, subsequent to an earlier determination that A.R., a minor child, was disabled as of November 27, 2012. In 2017, a medical improvement review was conducted, and it was determined that Plaintiff, then age 10, was no longer disabled as of September 1, 2017. A hearing was held before ALJ Meryl L. Lissek (the "ALJ") on February 21, 2020, and the ALJ issued an unfavorable decision on April 16, 2020. Plaintiff sought review of the decision from the Appeals Council. After the Appeals

1

Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

In the decision of April 16, 2020, the ALJ found that Plaintiff had been disabled as of May 9, 2013, based on impairments of speech and language delays and asthma, which functionally equaled the Listings, and that medical improvement had occurred as of September 1, 2017. The ALJ found that, since September 1, 2017, the impairments which Plaintiff had previously had no longer functionally equaled the Listings. The ALJ then assessed the severe impairments that Plaintiff has had since September 1, 2017, and found that Plaintiff has not had an impairment or combination of impairments that meets, medically equals, or functionally equals the Listings. The ALJ concluded that Plaintiff has not been disabled since September 1, 2017.

On appeal, Plaintiff argues that the Commissioner's decision should be reversed and the case remanded on a number of grounds, all linked to the central arguments that the ALJ erred in considering Listing 112.04, and also in performing the functional equivalence analysis. Plaintiff contends that A.R. meets the requirements of Listing 112.04, and/or functionally equals the Listings, and that the ALJ's decision to the contrary is erroneous and is not supported by substantial evidence.

An individual under 18 years old will be considered disabled if she has a medically determinable physical or mental impairment that results in marked and severe functional limitations that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(C)(i).

The Regulations require that the Commissioner follow a three-step process to conduct a

medical improvement review. 20 C.F.R. § 416.994a(b). At the first step, the Commissioner assesses whether there has been improvement in the claimant's condition. 20 C.F.R. § 416.994a(b)(1). Next, the Commissioner assesses whether the impairment(s) still meet or equal the severity of the listed impairment that it met or equaled before. 20 C.F.R. § 416.994a(b)(2). Last, the Commissioner determines whether a claimant is currently disabled. 20 C.F.R. § 416.994a(b)(3). The current disability assessment has three parts: 1) determination of current severe impairments; 2) determination of whether the current severe impairments meet or medically equal an impairment in the Listings; and 3) determination of whether the current severe impairments functionally equal the Listings. 20 C.F.R. § 416.994a(b)(3)(i)-(iii). To determine whether an impairment or combination of impairments functionally equals the Listings, the ALJ must assess the child's functioning in six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1)(i)-(vi). To "functionally equal the listings," the child's impairment(s) must cause "marked" limitations in two domains of functioning or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(a).

In the instant case, Plaintiff does not challenge the determination of medical improvement in the impairments which had resulted in the finding that she was disabled in 2013, nor the determination that the previous impairments no longer functionally equal a Listing. Plaintiff challenges the current disability determination. Plaintiff summarizes her argument on appeal as follows: "the ALJ deprived A.R. of a full and fair hearing and did not properly consider that, although there was some medical improvement, A.R. now suffers from a Major

Depressive Disorder that meets Listing 112.04." (Pl.'s Br. 10.)

Plaintiff thus contends on appeal that the ALJ erred in the current disability determination, in finding that, since 2017, A.R. does not meet the requirements of Listing 112.04 or functionally equal the Listings. This Court considers Plaintiff's arguments from within the legal framework of Plaintiff's burden of proof of disability and the harmless error doctrine. As to the burden of proof, Plaintiff bears the burden in the first four steps (for children, the three steps) of the analysis of demonstrating how her impairments, whether individually or in combination, amount to a qualifying disability. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987); 20 C.F.R. § 416.912(a)(1) ("In general, you have to prove to us that you are blind or disabled.")

As to the harmless error doctrine, the Supreme Court explained its operation in a similar procedural context in Shinseki v. Sanders, 556 U.S. 396, 409 (2009), which concerned review of a governmental agency determination. The Court stated: "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Id. In such a case, "the claimant has the 'burden' of showing that an error was harmful." Id. at 410.

Plaintiff thus bears the burden, on appeal, of showing not merely that the Commissioner erred, but also that the error was harmful. At all steps in the child disability evaluation, this requires that Plaintiff also show that, but for the error, she might have proven her disability. In other words, when appealing a child disability decision, if Plaintiff cannot articulate the basis for a decision in her favor, based on the existing record, she is quite unlikely to show that an error was harmful. See Woodson v. Comm'r Soc. Sec., 661 F. App'x 762, 766 (3d Cir. 2016) ("Woodson has not affirmatively pointed to specific evidence that demonstrates he should

succeed at step three.")   It is not enough to show the presence of an error.   Pursuant to <u>Shinseki</u>, Plaintiff bears the burden of proving that she was harmed by this error.   <u>Holloman v. Comm'r Soc. Sec.</u>, 639 F. App'x 810, 814 (3d Cir. 2016) (holding that <u>Shinseki</u> requires that the Social Security claimant/appellant explain how the "error to which he points could have made any difference.")

Accordingly, Plaintiff's brief attempts to articulate the basis for a decision in her favor, based on the existing record.   Plaintiff contends that she meets or equals the requirements of Listing 112.04, which states:

> 112.04 Depressive, bipolar and related disorders (see 112.00B3), for children age 3 to attainment of age 18, satisfied by A and B, or A and C:
>
> A. Medical documentation of the requirements of paragraph 1, 2, or 3:
>
> 1. Depressive disorder, characterized by five or more of the following:
>
> a. Depressed or irritable mood;
> b. Diminished interest in almost all activities;
> c. Appetite disturbance with changes in weight (or a failure to achieve an expected weight gain);
> d. Sleep disturbance;
> e. Observable psychomotor agitation or retardation;
> f. Decreased energy;
> g. Feelings of guilt or worthlessness;
> h. Difficulty concentrating or thinking; or
> i. Thoughts of death or suicide.
>
> . . .
>
> AND
>
> B. Extreme limitation of one, or marked limitation of two, of the following areas of mental functioning:
>
> 1. Understand, remember, or apply information.
> 2. Interact with others.
> 3. Concentrate, persist, or maintain pace.

>   4. Adapt or manage oneself.
>
>   OR
>
>   C. Your mental disorder in this listing category is "serious and persistent;" that is, you have a medically documented history of the existence of the disorder over a period of at least 2 years, and there is evidence of both:
>
>   1. Medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of your mental disorder; and
>
>   2. Marginal adjustment, that is, you have minimal capacity to adapt to changes in your environment or to demands that are not already part of your daily life.

Plaintiff contends that she meets the "A" and "B" criteria, thus meeting the requirements of the Listing.

The ALJ determined that, since September 1, 2017, Plaintiff did not have an impairment or combination of impairments that met, medically equaled, or functionally equaled any listed impairment. The ALJ stated that Listing 112.04 was specifically considered, but "the evidence fails to demonstrate any marked or extreme limitations in functioning." (Tr. 26.) Plaintiff argues that the ALJ erred in arriving at this determination, that the determination is not supported by substantial evidence, and that Plaintiff meets the requirements of Listing 112.04. As the Commissioner argues in opposition, however, Plaintiff's opening brief only musters the evidence to demonstrate that the "A" requirements are met; it does not cite evidence in support of a finding that Plaintiff meets the "B" or "C" criteria. (Def.'s Opp. Br. 12.) Plaintiff has thus failed to demonstrate that the ALJ's determination about the "B" criteria was in error, and that the evidence could have supported a different outcome. See Woodson, 661 F. App'x at 766.

Plaintiff did, however, muster the evidence in support of finding at least a marked impairment in two similar-sounding functional domains, "Interacting and Relating with Others"

6

and "Caring for Yourself."  The "B" criteria of Listing 112.04 require extreme limitation of one, or marked limitation of two, of four "areas of mental functioning."  Two of those areas are: "Interact with others" and "Adapt or manage oneself."  The ALJ made determinations about six functional domains, which include "Interacting and Relating with Others" and "Caring for Yourself."  The names of the two areas of mental functioning at issue in the "B" criteria of Listing 112.04 are thus similar to, but not identical to, the names of the two functional domains at issue.  Furthermore, at points, Plaintiff's briefs appear to treat the two "B" criteria areas of mental functioning as equivalent to, and interchangeable with, the two similar-sounding functional domains.  For example:

> Plaintiff explains why substantial evidence supports the opposite conclusion from the Defendant - that the Plaintiff suffers from at least marked functional limitations in Subpart B of Listing 112.04 and also functionally equals the listings, particularly in the areas of interacting and relating with others and in adapting or managing oneself, which is similar to the domain of caring for yourself.

(Pl.'s Reply Br. 1.)  As the following analysis will show, however, even if the Court considered Plaintiff's arguments about the two similar-sounding functional domains, "Interacting and Relating with Others" and "Caring for Yourself," as equivalent to an analysis of the "B" criteria for "Interact with others" and "Adapt or manage oneself," Plaintiff still would not have succeeded at demonstrating that the evidence supports a finding that she meets the "B" criteria of Listing 112.04.

Plaintiff argues that the ALJ's determination that she does not have at least a marked limitation in the domain of "Interacting and Relating with Others" is not supported by substantial evidence, and that the ALJ ignored the evidence that supports the conclusion that she has at least a marked limitation in this domain.  The Commissioner, in opposition, argues that the

7

determination is supported by substantial evidence. As the Commissioner points out, the ALJ cited several pieces of evidence in support, one of which is an evaluation report, dated November 28, 2017, done at Children's Specialized Hospital, attributed to Ms. Jennifer Vill, MA, CCC-SLP.[1] (Tr. 510-518.) The evaluation report contains a section on assessment of Plaintiff's social skills, and concludes: "Overall, her social skills are considered to be age appropriate." (Tr. 512.) This constitutes substantial evidence supporting the ALJ's determination that Plaintiff does not have at least a marked limitation in the domain of "Interacting and Relating with Others." The Regulations state: "We will find that you have a 'marked' limitation in a domain when your impairment(s) interferes seriously with your ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(i). The Vill evaluation appears to be an independent assessment by a credentialed professional; Plaintiff has not challenged the relevance or the credibility of this evidence, but, rather, relies on the evaluation in her opening brief. (Pl.'s Br. 19.) The evaluation report shows that, as of November of 2017, an independent expert assessed Plaintiff as displaying age-appropriate social skills, which is substantial evidence supporting the determination that no impairment seriously interferes with Plaintiff's social functioning. The ALJ also cited Plaintiff's hearing testimony that she has friends, and the ALJ's own observation that Plaintiff "presented as personable during the hearing," which support the determination. (Tr. 28.) This determination is supported by substantial evidence.

Plaintiff argues that the ALJ's determination that she does not have at least a marked

---

[1] Plaintiff states that Ms. Vill is a Speech and Language Pathologist at Children's Specialized Hospital. (Pl.'s Br. 5.)

8

limitation in the domain of "Caring for Yourself" is not supported by substantial evidence, and that the ALJ ignored the evidence that supports the conclusion that she has at least a marked limitation in this domain. The Commissioner, in opposition, argues that the determination is supported by substantial evidence.

The Regulations provide this guidance for understanding the domain of "Caring for Yourself:"

> Caring for yourself. In this domain, we consider how well you maintain a healthy emotional and physical state, including how well you get your physical and emotional wants and needs met in appropriate ways; how you cope with stress and changes in your environment; and whether you take care of your own health, possessions, and living area.
>
> (1) General.
>
>> (i) Caring for yourself effectively, which includes regulating yourself, depends upon your ability to respond to changes in your emotions and the daily demands of your environment to help yourself and cooperate with others in taking care of your personal needs, health and safety. It is characterized by a sense of independence and competence. The effort to become independent and competent should be observable throughout your childhood.
>>
>> (ii) Caring for yourself effectively means becoming increasingly independent in making and following your own decisions. This entails relying on your own abilities and skills, and displaying consistent judgment about the consequences of caring for yourself. As you mature, using and testing your own judgment helps you develop confidence in your independence and competence. Caring for yourself includes using your independence and competence to meet your physical needs, such as feeding, dressing, toileting, and bathing, appropriately for your age.
>>
>> (iii) Caring for yourself effectively requires you to have a basic understanding of your body, including its normal functioning, and of your physical and emotional needs. To meet these needs successfully, you must employ effective coping strategies, appropriate to your age, to identify and regulate your feelings, thoughts, urges, and intentions. Such strategies are based on taking responsibility for getting your needs met in an appropriate and satisfactory manner.

>(iv) Caring for yourself means recognizing when you are ill, following recommended treatment, taking medication as prescribed, following safety rules, responding to your circumstances in safe and appropriate ways, making decisions that do not endanger yourself, and knowing when to ask for help from others.

20 C.F.R. § 416.926a(k).   The ALJ's discussion of this domain largely covers conditions requiring treatment (speech, asthma, depression), and observes the degree of improvement in those conditions.   The evidence cited by the ALJ appears only weakly connected to Regulation subsection (iv) above – "following recommended treatment" – , and the Court agrees with Plaintiff that, as to this domain, the ALJ did not cite substantial evidence in support of the determination.

The next question is whether Plaintiff has cited evidence which could support a determination of a marked impairment in the domain of "Caring for Yourself."   Regulation subsection (i) describes the capacity "to help yourself and cooperate with others in taking care of your personal needs, health and safety."   Plaintiff's brief does not point to any evidence of serious interference with functioning in this area.   Regulation subsection (ii) describes the capacities to make independent decisions and perform basic physical self-care at an age-appropriate level.   Plaintiff's brief does not point to any evidence of serious interference with functioning in these areas.   Regulation subsection (iii) describes the capacity to take "responsibility for getting your needs met in an appropriate and satisfactory manner."   Plaintiff's brief cites the evidence of Plaintiff's depression and its associated symptomatology, but this appears only weakly relevant to the concerns of subsection (iii) and does not demonstrate serious interference with functioning in the area of getting needs met appropriately.   Regulation subsection (iv) focuses on the capacity to keep oneself safe.   Plaintiff's brief cites no evidence

relevant to this capacity.

In sum, Plaintiff's brief largely points to the evidence of Plaintiff's depression and its associated symptomatology and argues that this demonstrates serious interference with the capacity for self-care, as explained in the Regulation. This Court recognizes that the evidence shows that Plaintiff's depression is a real problem, but Plaintiff has not persuaded that the cited depressive symptomatology is evidence of serious interference in the domain of "Caring for Yourself." As explained, Plaintiff has not pointed to evidence of serious interference in functioning consistent with the guidance contained in the cited subsections (i)-(iv) of the Regulation. Because Plaintiff has failed to make a demonstration that the evidence of record supports a determination of at least a marked limitation in this domain, Plaintiff has failed to persuade that she was harmed by any error.

Plaintiff has not carried her burden on appeal, pursuant to Shinseki, of showing that she was harmed by any errors the ALJ might have made in arriving at the determination that Plaintiff did not meet or medically equal Listing 112.04, or functionally equal the Listings. As to meeting the requirements of Listing 112.04, Plaintiff did not muster the evidence to make a demonstration that the evidence supports finding that she met the "B" criteria of extreme limitation of one, or marked limitation of two, of four "areas of mental functioning," nor that she met the "C" criteria. As explained, even if the Court considers the two functional domains, "Interacting and Relating with Others" and "Caring for Yourself," to be equivalent and interchangeable with the two areas of mental functioning, "Interact with others" and "Adapt or manage oneself," Plaintiff has still not demonstrated that she was harmed by any error: this Court has determined that substantial evidence supports the ALJ's determination that Plaintiff does not

11

have at least a marked limitation in the domain of "Interacting and Relating with Others," and also that Plaintiff has failed to make a showing that the evidence of record might have supported a finding that Plaintiff has at least a marked limitation in the domain of "Caring for Yourself." As a result, Plaintiff could not have been harmed by any errors in the inquiry into whether she met the requirements of Listing 112.04.

Similarly, Plaintiff has not carried her burden on appeal, pursuant to Shinseki, of showing that she was harmed by any errors the ALJ might have made in arriving at the determination that Plaintiff did not functionally equal the Listings. Plaintiff contends that the evidence supports a determination that she has at least a marked impairment in two functional domains, "Interacting and Relating with Others" and "Caring for Yourself." Because this Court has determined that substantial evidence supports the ALJ's determination that Plaintiff does not have at least a marked limitation in the domain of "Interacting and Relating with Others," and also that Plaintiff has failed to make a showing that the evidence of record might have supported a finding that Plaintiff has at least a marked limitation in the domain of "Caring for Yourself," Plaintiff could not have been harmed by any errors in the inquiry into whether she functionally equaled the Listings.

Because Plaintiff has failed to carry her burden of proving that she was harmed by any errors, this Court need not reach Plaintiff's arguments about particular errors she contends the ALJ made in arriving at the determinations that she did not meet or medically equal Listing 112.04, or functionally equal the Listings. Because Plaintiff bears the burden of proof on appeal that an error was harmful, and Plaintiff has not carried that burden, any errors could only have been harmless. See Rutherford v. Barnhart, 399 F.3d 546, 553 (3d Cir. 2005) ("a remand is not

required here because it would not affect the outcome of the case.")

      Plaintiff has failed to persuade this Court that she was harmed by any errors which may have been made in the ALJ's decision.   This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.


                                                   s/ Stanley R. Chesler
                                       STANLEY R. CHESLER, U.S.D.J.

Dated: March 31, 2022

13